IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:20-CR-072-H |
| ALEX SMITH | |

## FACTUAL RESUME

In support of Alex Smith's (Smith) plea of guilty to the offense in Count One of the information, Smith, the defendant, Michael L. King, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following.

## ELEMENTS OF THE OFFENSE

Title 18, United States Code, Section 201(c)(1)(B), makes it a crime for a public official to directly or indirectly demand, seek, receive, accept, agree to receive or accept anything of value personally for or because of any official act performed or to be performed by that official.

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 201(c)(1)(B), that is, Bribery of a Public Official, the government must prove each of the following elements beyond a reasonable doubt: [1]

    *First*:    That the defendant, Alex Smith, was a public official;

    *Second*:    That the defendant directly or indirectly demanded, sought, received, accepted, or agreed to receive or accept something of value personally other than as provided by law for the proper discharge of

---

[1] Fifth Circuit Pattern Jury Instructions 2.09D (2019).

Alex Smith
Factual Resume—Page 1

                his official duty;

***Third*:**      That the defendant did so for or because of an official act performed or to be performed by the defendant.

The term "public official" means Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee of or person acting for or on behalf of the United States, or any department, agency, or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror.

In regard to the third element, the term "for and because of" mandates a specific connection between the gratuity and a specific official act performed or to be performed. However, no overt, explicit, or specific agreement to exchange the thing of value for the official act is required. On the other hand, showing that a gratuity was given to a person because of that person's official position is not enough.

### STIPULATED FACTS

1.    Alex Smith admits and agrees that from in or about October 2019, to on or about January 15, 2020, in the Abilene Division of the Northern District of Texas, and elsewhere, defendant **Alex Smith, (Smith)**, being a public official, that is, the Food Service Officer at the Big Spring Correctional Center (BSCC), located in Big Spring, Texas, a correctional facility under contract with a Federal Agency, the Federal Bureau of Prisons (FBOP), and operated by operated by the GEO Group, Inc., in which persons are

held in custody by direction of and pursuant to the contract with the FBOP, United States Department of Justice, did knowingly, otherwise than as provided by law for the proper discharge of official duty, directly and indirectly, demand, seek, receive, accept, and agree to receive and accept anything of value personally for and because of any official act performed and to be performed by him, that is, bringing contraband in the form of cell phones to RAV, an inmate at the BSCC, in exchange for money.

2.   The United States Department of Justice (DOJ) is a department and agency of the United States of America charged with the responsibility to operate, administer, and regulate various correctional facilities. As a result, DOJ enters into contracts with various entities for the operation of these correctional facilities. The BSCC operated by the GEO Group, Inc., is such a correctional facility under the jurisdiction of the DOJ. The United States Department of Justice, Office of the Inspector General (OIG) is charged with the investigation of all criminal violations in these correctional facilities.

3.   On January 15, 2020, an OIG Special Agent (OIG SA(s)) received information from the BSCC Special Investigative Supervisor that Smith was suspected of receiving bribes in exchange for smuggling cell phones for an inmate at the BSCC. The OIG SA began an investigation regarding Smith's activities in the prison. The investigation revealed that Smith had smuggled contraband into the prison in exchange for money, thereby failing to perform his official duties as a public official.

4.   Smith was a public official, that is, a Food Service Officer at the BSCC, responsible for preparing meals for the inmate population, through the supervision of inmate workers. As such, Smith had specific correctional responsibilities including

Alex Smith
Factual Resume—Page 3

custodial, supervisory, and disciplinary authority over the prison inmates assigned to the Food Service Department of the BSCC when they were in his care. In addition, in his position, Smith was charged with the responsibility of maintaining security of the institution and had a duty to prevent and/or disclose material information regarding illegal activities occurring at the facility, including receiving bribes by or to a public official.

5. On January 13, 2020, the BSCC Food Service Clerk (Clerk) observed the BSCC Supervisor (Supervisor) conversing in Spanish with inmate known as RAV. The Clerk and Supervisor discussed the details of the conversation with RAV, which revealed that the inmate population at BSCC was discussing the fact that Smith was smuggling cell phones into the BSCC. The Supervisor stated that the BSCC Cook Foreman (Foreman) had observed Smith use the staff rest room, then leave the door unlocked when he finished, in violation of the BSCC policy.

6. On January 14, 2020, two BSCC Food Service Employees prepared two Memoranda to the BSCC Major stating that Smith was carrying an excessive amount of cash inside the BSCC, in violation of the BSCC policy.

7. On January 15, 2020, the BSCC Special Investigative Supervisor found a copy of inmate RAV's address book in his cell, which listed Smith's home address.

8. On January 15, 2020, the OIG SA attempted to interview inmate RAV. Inmate RAV refused to answer any questions.

9. On January 15, 2020, the OIG SA interviewed Smith. Smith stated that from in or about October 2019, to in or about December 2019, he smuggled

approximately forty-five (45) cell phones into the BSCC facility in return for monetary bribes from BSCC inmates and their families. The bribes totaled approximately $10,500. BSCC inmate RAV arranged the smuggling scheme. Inmate RAV would order the cell phones, and have them delivered to Smith's home address, which Smith had given him. Smith would smuggle the cell phones into the BSCC by means of crates so they would not be detected by security, and used the BSCC Food Service cooler next to the dry storage in the deep freezer to conceal the cell phones while he was in the facility. Over the course of these activities, Smith gained a reputation among the BSCC inmate population for smuggling cell phones.

10. Smith also confirmed that on January 13, 2020, he entered the BSCC facility in possession of $350 in cash, in excess of the maximum allowed by BSCC policy. This conduct was reported to Smith's superiors, and Smith was reprimanded and instructed to have his girlfriend come to the facility to retrieve the cash. One memorandum written by Smith and one written by another correctional officer at BSCC documenting the incident were submitted to Smith's superiors, and later forwarded to OIG investigators. Smith confirmed that he was also observed leaving a BSCC staff restroom door unlocked in violation of BSCC policy.

11. Smith further stated that following one smuggling scheme in November 2019, Smith called a telephone number given to him by inmate RAV. Smith drove to the Wal-Mart in Odessa, Texas, where he was paid $5,000 by an unidentified Hispanic woman.

12. On January 15, 2020, Smith resigned his position at the BSCC.

13. On January 15, 2020, the BSCC Special Investigative Supervisor sent OIG SA a copy of two memoranda prepared by the BSCC Food Service Employees regarding the excessive amount of cash carried by Smith inside the BSCC, a copy of RAV's address book listing Smith's home address, and also a copy of Smith's letter of resignation, effective January 15, 2020.

14. On May 18, 2020, the OIG SA received an email from MoneyGram, which indicated that Smith received two money transfers totaling $1,000 on August 20, 2019, and August 23, 2019, from inmate RAV's sister.

15. On May 19, 2020, OIG investigators interviewed inmate RAV's sister, who acknowledged that in August 2019, she sent two money transfers to Smith on behalf of her mother. Inmate RAV's sister explained that her mother and Smith are friends, but that she did not know why her mother had instructed her to send the money transfers to Smith.

16. Smith admits that, as a public official, he accepted bribes in the form of money, and failed to properly discharge his official duties as provided by law.

17. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 29 day of Sep, 2020.

                                              ERIN NEALY COX
                                              UNITED STATES ATTORNEY

_____      _____
ALEX SMITH                                        PAULINA M. JACOBO
Defendant                                          Assistant United States Attorney
                                                    Texas State Bar No. 10516700
                                                    1205 Texas Avenue, Suite 700
                                                    Lubbock, Texas 79401
                                                    Telephone:   806-472-7351
                                                    Facsimile:    806-472-7394
                                                    Email:        paulina.jacobo@usdoj.gov

_____
MICHAEL L. KING
Attorney for Defendant
Texas State Bar No. 24049082